NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0285n.06

No. 13-3974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 16, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,             )
                                      )
    Plaintiff-Appellee,               )
                                      )
                                 )     ON APPEAL FROM THE UNITED
v.                                    )     STATES DISTRICT COURT FOR
                                      )     THE SOUTHERN DISTRICT OF
KEVIN D. TODD,                        )     OHIO
                                      )
    Defendant-Appellant.              )


BEFORE: GILMAN, GIBBONS, and STRANCH, Circuit Judges.


PER CURIAM. Kevin D. Todd appeals his sentence.

Pursuant to a binding plea agreement, Todd pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). The district court determined that, based on a total offense level of 39 and a criminal history category of II, Todd's guidelines range of imprisonment was 292 to 360 months. Under the terms of the plea agreement, Todd was to receive a prison sentence of 240 to 300 months. The district court accepted the plea agreement and sentenced Todd to 300 months in prison, to be followed by a life term of supervised release.

On appeal, Todd argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its reason for imposing a life term of supervised release. We review Todd's challenge for plain error because defense counsel failed to object to the sentence when given the opportunity to do so by the district court at the conclusion of the sentencing hearing. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

To establish plain error, Todd must show that an obvious or clear error affected his substantial rights as well as the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

The district court did not plainly err in imposing Todd's sentence. The court adequately explained that the life term of supervised release was warranted based on the heinous nature of Todd's actions and the need to protect the public. Given that the arguments raised during sentencing were straightforward and conceptually simple and the life term of supervised release was the recommended term under the guidelines, *see* USSG § 5D1.2(b)(2), the district court was not required to further explain its sentencing decision. *See United States v. Duane*, 533 F.3d 441, 451-52 (6th Cir. 2008).

Accordingly, we affirm Todd's sentence.